Filed 8/30/23  P. v. Tveretinov CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL TVERETINOV,<br><br>Defendant and Appellant. | C097766<br><br>(Super. Ct. No. P21CRF0477) |

Defendant Michael Tveretinov appeals from a restitution order following his convictions for unlawfully taking or driving a vehicle and fleeing a pursuing peace officer in willful or wanton disregard for the safety of persons or property.  Appellate counsel filed a brief raising no arguable issues under *People v. Wende* (1979) 25 Cal. 3d 436 and asking this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  Because this is not defendant's first appeal as a matter of right, we are not required to independently review the record in

1

these circumstances.  (See, e.g., *People v. Delgadillo* (2022) 14 Cal.5th 216, 226; *People v. Flores* (2020) 54 Cal.App.5th 266, 268.)  However, our discretionary review of the record reveals no meritorious issues.  We therefore affirm the restitution order.

BACKGROUND

In July 2021, defendant and another man stole a Toyota Tacoma owned by William Alvarado and a "tiny home" owned by Susan Hanrhan from a storage facility on Latrobe Road in El Dorado County.  Two days later, the Tacoma was observed at defendant's residence and a traffic stop was initiated after he drove the truck away.  A high-speed chase ensued and defendant was ultimately arrested.  The truck was returned to Alvarado, but had significant damage.  The tiny home was not recovered.

In August 2022, defendant entered no contest pleas to one count of unlawfully taking or driving a vehicle and one count of fleeing a pursuing peace officer in willful or wanton disregard for the safety of persons or property; he also admitted an allegation that he was previously convicted of a strike offense within the meaning of the Three Strikes law.  In accordance with the plea agreement, additional charges were dismissed and defendant was sentenced to a stipulated sentence of four years eight months (32 months for the evasion offense, plus 16 months for the unlawful taking or driving, plus eight months previously imposed for an unrelated offense in a Sacramento County case).

In November 2022, a contested victim restitution hearing was held.  Defendant's presence was waived pursuant to Penal Code section 977.[1]  At the hearing, the prosecution presented testimony from Hanrhan regarding the value of her tiny home.  The prosecution also presented testimony from Alvarado regarding the extent of the damage done to his Tacoma.  Alvarado's testimony was corroborated by documentary evidence.

---

[1]  Further statutory references are to the Penal Code.

2

At the conclusion of the hearing, the trial court ordered victim restitution to Hanrhan in the amount of $70,000 and to Alvarado in the amount of $7,595.25.

Defendant timely appealed from the victim restitution order.

DISCUSSION

As mentioned, defendant's appointed counsel has filed an opening brief setting forth the facts of the case and asking this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Counsel advised defendant of his right to file a supplemental brief within 30 days of the date the opening brief was filed. More than 30 days elapsed, and defendant has not done so. Having exercised our discretion to independently review the record in this case, we conclude there are no arguable errors favorable to defendant.[2]

Where a "victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." (§ 1202.4, subd. (f).) " ' "A victim's restitution right is to be broadly and liberally construed." [Citation.] " 'When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court.' " [Citations.]' [Citation.]" (*People v. Baker* (2005) 126 Cal.App.4th 463, 467.)

Here, at the restitution hearing, defendant did not dispute that Hanrhan and Alvarado were victims of defendant's conduct, or that they suffered economic loss as a result thereof. In addition to their testimony, the trial court also properly considered documentary evidence. (See § 1203.1d, subd. (d).) The trial court's restitution order was

---

[2] Where *Wende* review is not required, "the decision to conduct independent review is solely up to the discretion of the Courts of Appeal." (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 233, fn. 6.)

based on the total loss of Hanrhan's tiny home and its contents, and the damage done to Alvarado's Tacoma, as a result of defendant's crimes. No evidence was presented to dispute the reliability, amounts, or relevance of the documents considered by the trial court. Nothing in the record suggests the trial court abused its discretion by admitting the evidence or by ordering defendant to pay restitution in the amounts ordered. We shall therefore affirm the victim restitution order.

DISPOSITION

The victim restitution order is affirmed.


_____/s/_____

HORST, J.*

We concur:


_____/s/_____

HULL, Acting P. J.


_____/s/_____

MAURO, J.

---

* Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.